AO 91 (Rev. 11/11) Criminal Complaint



# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br>Jay Curtis TUDOR<br><br><br>*Defendant(s)* | )<br>)<br>) Case No. 5:18-mj-00066-JLT<br>)<br>)<br>)<br>) |

FILED
SEP 25 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  March 12, 2015 thru July 21, 2015  in the county of  Kern  in the
 Eastern  District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 1470 | Transfer of obscene material to minors |
| Title 18 U.S.C. § 2252(a)(2) | Receipt/distribution of material involving the sexual exploitation of a minor. |
| Title 18 U.S.C. § 2252(a)(4)(B) | Possession of material involving the sexual exploitation of a minor. |

This criminal complaint is based on these facts:
The attached Affidavit of HSI Special Agent Anthony Sims Jr. (incorporated by this reference).

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Anthony Sims Jr., Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9-24-18

City and state:  Bakersfield, CA

_____
*Judge's signature*

Hon. Jennifer Thurston, US Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF SPECIAL AGENT ANTHONY SIMS JR.

I, Anthony Sims Jr., being duly sworn, hereby declare and state:

## I. INTRODUCTION

1. I am an "investigative or law enforcement officer" within the meaning of Section 2510(7) of Title 18 of the United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18 and Title 21 of the United States Code. I am also a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C).

2. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI) since November 2015. Before serving as an HSI Special Agent, I was a Special Agent with the United States Secret Service from May 2012 to November 2015. During my tenure as a Special Agent, I have completed the Criminal Investigator Training Program (CITP), and Homeland Security Investigations Special Agent Training (HSI-SAT) at the Federal Law Enforcement Training Center, in Glynco, GA, and the United States Secret Service Special Agent Training Course (SATC) in Beltsville, MD.

3. I have conducted multiple criminal investigations involving violations of state and federal laws, including financial crimes, identity theft, counterfeit identification documents, counterfeit financial obligations, wire fraud, investment fraud, cyber-crime, narcotics trafficking, child exploitation, the forensic recovery of digital evidence, and network intrusions. Prior to my employment with DHS, I served as a United States Army Reserve Officer, assigned as a rotary wing aviator, receiving my commission as a Second Lieutenant in 2001. I currently hold the rank of Captain. I received a Bachelor's of Arts degree in Psychology from Texas Woman's University in 2008 and I am obtaining a Master's of Business Administration from Tarleton State University and a Master's of Computer Science from Sam Houston State University. I have discussed with numerous law enforcement officers, defendants, and confidential informants the methods and practices used by identity thieves.

4. This affidavit is submitted in support of issuance of a CRIMINAL COMPLAINT for **Jay Curtis TUDOR** (born: November 8, 1990; Bakersfield, CA and hereinafter referred to as TUDOR) formerly of Bakersfield, California and now resident of Kalispell, Montana, for violating 18 U.S.C. §

1 | 2252(a)(2) (receipt/distribution of material involving the sexual exploitation of a minor) 18 U.S.C. §
2 | 2252(a)(4)(B) (possession of material involving the sexual exploitation of a minor) and 18 U.S.C. §
3 | 1470 (transfer of obscene material to a minor).

5. The information contained in this affidavit is based upon my personal knowledge of the investigation, my training and experience, and, where noted, information related to me by other law enforcement officers and/or agents. Because this affidavit is written solely for the purpose of establishing probable cause for issuance of a criminal complaint, not all results of this investigation have been included herein.

## II. STATEMENT OF PROBABLE CAUSE

6. In March of 2017, your affiant was contacted by Deputy Adam Truesdale (badge #4876) of the Aiken County Sheriff's Office (ACSO) requesting assistance in a child exploitation case against **Jay TUDOR** of whom was identified began an online relationship in or about 2014 with a thirteen (13) year old female, referred to herein as "A. H." of Aiken, South Carolina. By 2015, when "A. H.' had reached 14 years of age, this relationship had turned sexually explicit, resulting in each party sending and receiving sexually explicit images and videos to each other over internet.

7. On April 27, 2017, your affiant received evidence from Deputy Truesdale wherein contained investigative reports and a thumb drive containing forensic electronic reports on devices belonging to the victim "A. H." According to Deputy Truesdale's reports (dated, April 13, 2015, case number 15-022136), in April 2015 the victim's mother, "A. D.", discovered her daughter masturbating during a live video chat session with **TUDOR**. The Victim's mother confiscated "A. H's" Amazon Kindle and found explicit child pornographic images of her daughter and other unknown minor children, as well as explicit images of **TUDOR**. The Victim's mother also gave Deputy Truesdale consent to search her daughter's mobile phone; he subsequently confirmed the presence of sexually explicit communications between "A. H." and **TUDOR**. Detective Truesdale further discovered that the Victim and **TUDOR** began an online relationship with **TUDOR** expressing intent in 2015 to travel from to the

AFFIDAVIT 2

Victim, from his residence in Bakersfield, to her house in South Carolina, to consummate the relationship. Detective Truesdale served a State of South Carolina search warrant to AT&T for subscriber information for 661-340-0184, the "contacts" number assigned to **TUDOR**. The search warrant returns revealed the user information as **Jay TUDOR** of 2414 Debra Louise Court, Bakersfield, CA 93314.

8. On April 28, 2017, your affiant reviewed the forensic electronic report for the consensual search and examination of devices belonging to "A. H." Her devices contained numerous images (sent to A. H.) of (TUDOR's) penis, with his face visible in the images; most of the images were sent to "A. H." via Kik messenger. Your affiant was able to confirm **TUDOR'S** identity by comparing the images to TUDOR'S California Department of Motor Vehicle's Driver's License photo.

9. Your affiant also reviewed numerous text conversations between "A. H." from phone number (803-640-4567) and **TUDOR** (661-340-0184). The following is a synopsis of the text conversations as they related to child exploitation (text is written with preserved grammar and spelling errors):

- On September 23, 2016: **TUDOR**: you keep making me week; I want to be with you soo much!! And Kiss you and hold you and bite you and kiss you and; Stopping myself; (**A. H.**): I'm coming to visit you as soon as I can. You can do all those things then;

- On September 23, 2016: (**A. H.**): I'm worried that my mom filing a report on you is going to effect our chances of being together in the future; (**TUDOR**): But that doesn't mean your mom would accept it. Or...yup exactly what I was getting at; (**A. H.**): Yea :/ at this point I may have to hide you from my parents until I'm able to move; (**TUDOR**): But. I mean. Even if that happens. As long as you fight it. She can't really do much. Fight it as in don't press charges on me.

10. On July 11, 2018, your affiant and Forensic Interview Specialist Crystal Gregory met with "A. D." and "A. H." to conduct a forensic interview at the Child Advocacy Center, 4231 Trolley

AFFIDAVIT 3

Line Rd, Aiken, SC 29801. After being informed of the parent's rights, "A. D." agreed to allow a forensic interview (video and audio recorded) of "A. H." by Ms. Gregory. "A. H." was interviewed in a private room, while your affiant monitored the live interview alone in separate room. Ms. Gregory was provided exhibits, evidence from forensic examinations of "A. H.'s" electronic devices taken from Aiken County Sheriff's Office (ACSO), Detective Adam Truesdale, ACSO cases (15-022136 and 16-064280). The exhibits contained Skype text message conversations between **TUDOR** and "A. H.," a nude photograph of "A. H." and a facial photograph of TUDOR.

11. Ms. Gregory asked "A. H." to explain how she met **TUDOR**. "A. H." stated that she met **TUDOR** through a video game called Minecraft, while visiting a friend's house, adding that she obtained **TUDOR'S** phone number from her friend. "A. H." explained that she was in middle school and was in a bad relationship, and that **TUDOR** would listen to her; she eventually developed feelings for him. Ms. Gregory asked "A. H." if **TUDOR** knew that she was a minor, "A. H." stated she told **TUDOR** her age and that she did never lie about it.

12. "A. H." stated that she would flirt with **TUDOR** and that he would push her away until, "he wasn't pushing me away anymore." "A. H." added that she and **TUDOR** talked via video chat with mobile applications "Skype" and "Kik," and at one point calling **TUDOR** a forbidden lover. She stated that **TUDOR** told her that he was twenty-three (23) years old, and that **TUDOR** knew she ("A. H.") was fifteen (15) at the time, and, in fact "A. H." told **TUDOR** she was fifteen (15) at the time.

13. Ms. Gregory asked "A. H." if **TUDOR** knew about the forensic interview in 2018; "A. H." replied that she told **TUDOR** and that he instructed her not to say anything. Ms. Gregory asked "A. H." to explain her sexual relationship with **TUDOR**. "A. H." stated that she and **TUDOR** would masturbate through video chat until they orgasmed. "A. H." further added that she took sexually explicit photos of herself, and sent some of them to **TUDOR,** pursuant to what he would suggest he wanted to see. Ms. Gregory asked, "A. H." if she knew if **TUDOR** saved sexually explicit pictures she sent to him.

AFFIDAVIT 4

1  "A. H." stated that **TUDOR** saved them and that he had a private folder of her saved on his computer. In
2  fact, when she told him to delete sexually explicit pictures she sent to him, **TUDOR** refused.

3        14.    Ms. Gregory showed "A. H." sexually explicit pictures of herself, and "A. H." stated that
4  she took them for "Jay" (**TUDOR**), and indeed sent them to "Jay" over the internet. Your affiant was
5  able to extract "A. H." sexually explicit photos from her devices, and confirmed that she sent them to
6  
7  **TUDOR** when he was living in Bakersfield, CA.

8        15.    To conclude the interview, Ms. Gregory asked "A. H." to describe the sexually explicit
9  pictures of the other minor children that **TUDOR** sent to her in 2015. "A. H." described them as girls as
10 young as six (6) years old, performing oral sex on adult men.

11       16.    On July 6, 2018, your affiant received "A. H." electronic devices (Amazon Kindle, and
12 iPhone 4) from HSI Columbia. Your affiant also obtained a signed HSI Consent to Search form from
13 
14 "A. D." authorizing a forensic examination of the devices.

15       17.    On the iPhone, your affiant found five (5) sexually explicit images of **TUDOR** displaying
16 his penis, **TUDOR'S** face is clearly visible in the background. The files were sent to "A. H." via the Kik
17 mobile application. March 12, 2015 was the first obscene photo with TUDOR'S face clearly visible;
18 which is documented as evidence image **number 23(2)** from "A. H.'s" iPhone. Forensic examination
19 also found six sexually explicit images of the victim ("A. H.") corroborating her statements that she took
20 sexually explicit photographs of herself for **TUDOR**. Nineteen (19) child pornography images were also
21 found on her iPhone, forty-seven (47) child porn images were found on the Amazon Kindle, according
22 to "A. H.," all of these images were sent to her by **TUDOR** in 2015. July 21, 2015 was the first
23 forensically identified child pornography photo, evidence image **number 29** from the "A. H.'s" Kindle
24 in the Kik mobile application.

AFFIDAVIT                5

### III. CONCLUSION

18. Based on the above facts and information, I submit there is probable cause to believe that **Jay TUDOR** has violated 18 U.S.C. § 2252(a)(2) (receipt/distribution of material involving the sexual exploitation of a minor), 18 U.S.C. § 2252(a)(4)(B) (possession of material involving the sexual exploitation of a minor) and 18 U.S.C. § 1470 (transfer of obscene material to a minor).

19. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Anthony Sims, Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
this 24th day of September, 2018, at Bakersfield, California.

_____
HON. JENNIFER L. THURSTON
U.S. MAGISTRATE JUDGE

Approved as to form:

<u>Brian W. Enos, Esq.</u>
Assistant U.S. Attorney

AFFIDAVIT 6