McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>JAY CURTIS TUDOR,<br><br>               Defendant. | Case No. 1:18-cr-00223 DAD<br><br>**THE UNITED STATES' SENTENCING MEMORANDUM AND FORMAL RESPONSE TO PRESENTENCE INVESTIGATION REPORT**<br><br>Date: September 16, 2019<br>Time: 10:00 a.m.<br>Judge: Hon. Dale A. Drozd |

## I.    INTRODUCTION

On October 11, 2018, the grand jury returned a five-count indictment against defendant Jay Curtis Tudor ("defendant"), charging him with one count of Use of Facility of Interstate Commerce to Induce a Minor to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2422(b) (Count One), as well as four separate counts of Receipt and Distribution of Material Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. § 2252(a)(2) (Counts Two through Five). Dkt. 5.

On June 10, 2019, defendant pleaded guilty in open court to Count One of the indictment, using a facility of interstate commerce (a computer over the Internet) to induce a minor to engage in criminal sexual activity. Dkt. 21. Defendant's guilty plea followed the parties' filing a Rule 11(c) plea agreement on June 6, 2019. Docs. 20 and 21. At the change of plea hearing, the court scheduled the sentencing hearing to take place on September 16, 2019. Dkt. 21.

United States Probation issued a draft Presentence Investigation Report ("PSR") on August 5, 2019, and filed its final PSR after considering comments by the parties on August 26, 2019. Dkts. 22 and 23. U.S. Probation's application of the sentencing guidelines coincides with the parties' agreed applicable guidelines as set forth in the plea agreement.

## II. APPLICABLE GUIDELINES CALCULATIONS

Within the parties' plea agreement, the parties agreed to an adjusted sentencing guidelines level twenty-nine (**29**). Dkt. 20, paras. 3(g)-(h), 4(a)-(b). As set forth in detail within the plea agreement and pursuant to Section 2G1.3 of the Sentencing Guidelines (2018), these agreed guidelines include the following components:

1. **A base offense level** of twenty-eight (**28**) because the defendant pleaded guilty to and would be convicted of using a facility of interstate commerce to induce a minor to engage in criminal sexual activity (§ 2G1.3(a)(3));

2. *Plus* the following sentencing enhancements:

    a. two (**2**) levels because the defendant unduly influenced a minor (a 13 year-old female in South Carolina) to engage in prohibited sexual conduct (2G1.3(b)(2)(B); and

    b. two (**2**) levels because the offense involved the use of a computer to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct (§2G1.3(b)(3)(A)).

3. *Minus*:

    a. Three (**3**) levels pursuant to defendant's acceptance of responsibility (§ 3E1.1 – Plea Agreement, para. 4(b)), for an adjusted universally agreed applicable sentencing level of twenty-nine (**29**).

Plea Agreement, paras. 3(g) and (h) and 4(a) and (b) (Dkt. 20).

The PSR likewise applied each of the above sentencing provisions in this case. Dkt. 23, paras. 34-45. Accordingly, the PSR also contemplates an adjusted sentencing level of twenty-nine (29). Dkt. 23, para. 45. In light of the PSR's determining defendant's criminal history to be category II (paras. 52-54), his *default* applicable guideline range is 97-121 months. In this case, however, defendant's statutory mandatory minimum sentence for pleading guilty to Count One is ten years (120 months), resulting in an applicable sentencing range of **120-121 months**. 18 U.S.C. § 2422(b). Both the parties

and U.S. Probation agree that an appropriate term of incarceration for defendant in this case is **120 months**.

**III. THE GUIDELINES AND § 3553(A) FACTORS SUGGEST THE PARAMETERS OF A REASONABLE SENTENCE**

Whereas the Sentencing Guidelines were once "mandatory", they must now be consulted in an "advisory" capacity in that a sentencing court now must also consider factors outlined at 18 U.S.C. § 3553(a). Those factors include:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed

    (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) To afford adequate deterrence to criminal conduct;

    (C) To protect the public from further crimes of the defendant; and

    (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available;

(4) The kinds of sentence and the sentencing range established for

    (A) The applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines issued by the Sentencing Commission…

(5) Any pertinent policy statement -

    (A) Issued by the Sentencing Commission . . .

(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) The need to provide restitution to any victims of the offense.

Here, consideration of the factors identified within 18 U.S.C. § 3553(a) supports an imprisonment term of 120 months. From a macro perspective, subsections (3) and (4) provide that a court "shall consider . . . the kinds of sentences available" and "the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant, as set forth in the

guidelines." Subsection (5) requires a court to consider "any pertinent policy statement ... issued by the Sentencing Commission."

Regarding this case, perhaps the most important factors relevant to the court's analysis in determining a reasonable sentence for defendant are subsections (2) and (6) of 18 U.S.C. § 3553(a). Subsection (2) requires the court to consider the need to "reflect the seriousness of the offense", "afford adequate deterrence" and "protect the public." In the case of child exploitation prosecutions, the government has a compelling interest to protect children from those who exploit them. As justification for the imposition of significant sentences in child exploitation offenses, the Supreme Court has held "the prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." New York v. Ferber, 458 U.S. 747, 757 (1982). Here, defendant's 2015 online enticement of a 13 year-old girl to engage in lewd acts with him via live-time video feeds, coupled with his 2016 efforts via chat exchanges to convince her "not to press charges" against him, suggest a guideline range is appropriate, particularly in light of the fact that defendant reports to have had a stable childhood.

Subsection (6) addresses the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." This makes sense, because imposing a sentence on defendant that is heavier than this court has imposed on those who the government could prove committed similar conduct is unfair to defendant, and a sentence imposed on this defendant that conversely is lighter than other similarly situated defendants is unfair them. Accordingly, the government asks the court to endorse the parties' and U.S. Probation's recommendation of a 120-month term of incarceration.

## IV. THE GOVERNMENT ENDORSES U.S. PROBATION'S RECOMMENDATION THAT THE COURT IMPOSE A 15-YEAR TERM OF SUPERVISED RELEASE

In light of defendant's conviction under 18 U.S.C. § 2422(b), the statutory range of defendant's applicable term of supervised is 5 years to LIFE. 18 U.S.C. § 3583(k). Within the plea agreement, the parties agreed "to argue the extent of defendant's post-incarceration term of supervised release at sentencing." Dkt. 20, paras. 3(i) and 4(e). As stated in the PSR, U.S. Probation recommends the court to impose a 15-year term of supervised release in this case. It notes within its reply to defendant's

THE UNITED STATES' SENTENCING MEMORANDUM AND
FORMAL RESPONSE TO PRESENTENCE INVESTIGATION
REPORT

4

informal response to the draft PSR that it based this recommendation on the serious nature of defendant's sexual offense against at 13 year-old minor in this case, as well as his prior criminal contact with an 11 year-old minor in 2009 that itself led to a separate conviction. Dkt. 23-2, p. 2.

In light of defendant's continued criminal acts against minor females (aged 11 and 13) which themselves took place six years apart, the government endorses U.S. Probation's recommendation for the court to impose a 15-year term of supervised release after defendant is released from custody. Continued recidivism is a heightened concern in this case, and a term of supervised release of such length should help society minimize the likelihood that defendant will commit continued crimes against minors without prompt detection.

## V. RESTITUTION

"[T]he court shall order restitution" pursuant to convictions of crimes including those committed in violation of 18 U.S.C. § 2422(b). 18 U.S.C. § 2429(b)(1). "The order of restitution … shall direct the defendant to pay the victim … the full amount of the victim's losses, as determined by the court" and as identified within 18 U.S.C. § 2259(b)(3). 18 U.S.C. § 2429(b)(1)-(3). U 18 U.S.C. § 2259(b)(1). The issuance of a restitution order under Section 2429 is indeed mandatory. 18 U.S.C. § 2429(a).

The term "full amount of the victim's losses" includes any costs incurred by the victim for:

(A) medical services relating to physical, psychiatric, or psychological care;

(B) physical and occupational therapy or rehabilitation;

(C) necessary transportation, temporary housing, and child care expenses;

(D) lost income;

(E) attorneys' fees, as well as other costs incurred; and

(F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(3)(A) through (F).

Federal courts may order restitution to the extent authorized by statute. United States v. Kennedy, 643 F.3d 1251, 1260 (9th Cir. 2011) (citing United States v. Gossi, 608 F.3d 574, 577 (9th Cir. 2010)). Sections 2259 and 2429 are the statutory mechanisms that allow for a restitution order regarding this action's known victim who made a restitution claim, and regarding those losses and other harms caused by the offense of conviction. Paroline v. United States, 134 S.Ct. 1710, 1720 (2014). The

burden is on the government to establish, by a preponderance of the evidence, the existence of a causal connection between the victim's losses and the defendant's conduct in order to meet the requirements of § 2259. Kennedy, 643 F.3d at 1262. If it is impossible to trace a particular amount of a victim's claimed losses to an individual defendant, then sentencing court applying § 2259 should order a restitution amount comporting with defendant's relative role in the causal process that underlay the victim's general losses. Paroline, 134 S.Ct. at 1715.

As of the filing of this sentencing memorandum, the government has not received any restitution requests in this case. If any such requests are received by the sentencing hearing on September 16, the government may ask that a restitution hearing be set within 90 days of the sentencing hearing, without affecting any other component of the court's sentence and judgment, as authorized by 18 U.S.C. § 3664(d)(5).

### VI. SPECIAL ASSESSMENT

Within the plea agreement, the parties agreed that the penalty assessment defendant should pay pursuant to his conviction in this case is $100. Dkt. Dkt. 20 at 8:5. While counsel for the government typically now seeks an additional $5,100 penalty assessment in child exploitation cases pursuant to 18 U.S.C. § 3014, this provision does not apply to this case. Specifically, Section 3014 applies to prohibited acts of online enticement starting in May 2015, one month *after* the time period (January through April 2015) encompassing defendant's conduct to which he pleaded guilty.

### VII. CONCLUSION

Based on the evidence underlying the parties' plea agreement and U.S. Probation's PSR, the government respectfully requests that the Court sentence defendant to the parties' recommended 120-month term of imprisonment, followed by a 180-month term of supervise release. The government further requests the court to impose a special assessment in the amount of $100.

Dated: August 30, 2019

McGREGOR W. SCOTT
United States Attorney

By: /s/ Brian W. Enos
Brian W. Enos
Assistant United States Attorney